STEPHANO et al. v. SATMATOPOULOS et al.

(District Court, S. D. New York. September 30, 1912.)

1. TRADE-MARKS AND TRADE-NAMES (§ 55*)—INFRINGEMENT—INTENT.

In a suit for infringement of a trade-mark, not involving unfair competition, complainant is not bound to establish fraudulent intent; the only question being whether confusion is likely to result from the defendant's mark.

[Ed. Note.—For other cases, see Trade-Marks and Trade-Names, Cent. Dig. § 63; Dec. Dig. § 55.*

Restraining infringement of trade-mark or trade-name as dependent on knowledge or intent of infringer, see note to Hutchinson, Pierce & Co. v. Loewy, 90 C. C. A. 4.]

2. TRADE-MARKS AND TRADE-NAMES (§ 59*)—INFRINGEMENT.

Complainants having adopted the word "Rameses" as a trade-mark for cigarettes, and having manufactured and sold cigarettes under that name since 1895, defendants' use of the word "Radames," as applied to similar cigarettes made by them, was likely to cause confusion, and was therefore subject to injunction for infringement.

[Ed. Note.—For other cases, see Trade-Marks and Trade-Names, Cent. Dig. §§ 68–72; Dec. Dig. § 59.*]

In Equity. Suit by Constantine Stephano and another against Stamatis D. Satmatopoulos and others. On motion for preliminary injunction to restrain infringement of a trade-mark. Granted.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Wise & Lichtenstein, for complainants.
Hatch & Clute, for defendants.

LACOMBE, Circuit Judge.   Diversity of citizenship gives this court jurisdiction of the controversy as to the common-law trade-mark upon which complainants mainly rely.   There seems to be practically no dispute as to their ownership of the trade-mark "Rameses" as applied to cigarettes.   There is no suggestion of any use of that word in that connection prior to the time when complainants in 1895 began to manufacture cigarettes which it designated by that name.   And they have ever since used the name as distinguishing a brand of their cigarettes.   The evidence as to the use by Baron Bothers in 1898 of the name "Radames" applied to cigarettes is unpersuasive; but even that use seems to have been discontinued prior to 1902, and for nearly 10 years no one manufactured and sold cigarettes under that name.

There is nothing in the case to sustain the plea of laches on the part of complainant.   The sole question in the case is whether or not the use of the word "Radames" as a name for cigarettes is an infringement of complainant's trade-mark "Rameses," similarly applied.   There is no claim of any simulation of style of package, labels, etc.   The only question is as to similarity of appearance and sound of the two names.   That both names are historical is not material.   There were plenty of names in Egyptian history which could be chosen as an arbitrary title for cigarettes of so-called Turkish tobacco, without selecting one sufficiently similar to "Rameses" to produce confusion.

[1] Since the question is one of trade-mark only, and not of unfair competition, it is not necessary for complainants to establish fraudulent intent.   The only question is: Will confusion be likely to result from the use of the name defendants have chosen?

[2] It is stated, and apparently not disputed, that in popular speech both names are pronounced (or mispronounced) with the accent on the first syllable, and with both the other syllables short. Assuming that a person, even of average intelligence, who has smoked a cigarette given him by a friend and found it pleasing, is informed that it is the "Ram'-es-es" brand, it seems a not unreasonable supposition that he might accept from a dealer a box which he is assured is of the "Rad'-am-es" brand, believing it to be the same.   To me, at least, this seems so likely to occur that infringement of complainants' trade-mark seems obvious.

Complainant may take an injunction against the use of the name "Radames" as the designation of a brand of cigarettes, but the operation of the injunction will be suspended for 60 days after the entry of the order.